UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WALTER SONGHAY RAY,

                            Plaintiff,

                    -against-                          **ORDER**
                                                      16-CV-5509(JMA)(GRB)

JANE DOE, Deputy, *et al.*,

                            Defendants.
------------------------------------------------------------X
**AZRACK, United States District Judge:**

       On September 29, 2016, incarcerated *pro se* plaintiff Walter Songhay Ray ("plaintiff") commenced this action against the Suffolk County Sheriff Dept., two (2) "Sgt. John Does," two (2) Jane Doe Deputies, and nine (9) John Doe Deputies (collectively, "defendants") pursuant to 42 U.S.C. § 1983 alleging a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed *in forma pauperis*. On December 23, 2016, plaintiff filed an application for the appointment of *pro bono* counsel to represent him in this case.

       Upon review of the declaration accompanying plaintiff's application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed *in forma pauperis* is GRANTED. However, for the reasons that follow, plaintiff's application for the appointment of *pro bono* counsel is denied.

       Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone who is unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting *Jenkins v. Chemical*

*Bank*, 721 F.2d 876, 879 (2d Cir. 1983)).  The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance.  If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).  The Second Circuit also held that these factors are not restrictive, and that "[e]ach case must be decided on its own facts." *Id.* at 61. A developed record assists the court in this regard.  *See Brooks v. State of New York*, 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on failure to satisfy requisite showing of likely merit).

The Court has reviewed plaintiff's application together with the complaint and finds that the appointment of counsel is not warranted at this stage of the litigation.  Even assuming that the threshold requirement of *Hodge* is satisfied, the Court is unable, at this juncture, to conclude—after considering the *Hodge* factors in the context of plaintiff's application and complaint—that the appointment of counsel is warranted.  Specifically, despite the concerns raised in plaintiff's motion, the Court concludes that plaintiff is able at this stage of the litigation to prosecute his case.  In reaching this determination, the Court finds that plaintiff has proven able to pursue his case, and that there is no special reason to appoint counsel.

Accordingly, plaintiff's application for appointment of counsel is denied without prejudice to plaintiff renewing the application when this case is ready for trial, if circumstances warrant such an application.  This denial also is without prejudice to plaintiff's hiring his own counsel to represent him in this matter.

IT IS HEREBY ORDERED that plaintiff is granted leave to file the complaint without prepayment of the filing fee or security; and

IT IS FURTHER ORDERED that the Clerk of Court must forward to the United States Marshal Service for the Eastern District of New York ("USMS") a copy of plaintiff's summons, complaint and this Order for service upon the Suffolk County Sheriff Dept. without prepayment of fees.

However, the USMS will not be able to serve the unnamed defendants without more information. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (*per curiam*), the Court requests that the Suffolk County Attorney ascertain the full names and service addresses of the unnamed defendants. Accordingly, the Clerk of the Court shall serve a copy of the complaint together with this Order on the Suffolk County Attorney and the Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the "John Doe" and "Jane Doe" officers described in the complaint and to provide their names and address(es) where each such defendant can be served to the Court and to plaintiff within thirty (30) days of the date that this Order is served upon it.

The Suffolk County Attorney need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which the plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*. Once the information is provided to the Court by the Suffolk County Attorney's Office, plaintiff's complaint shall be deemed amended to reflect the full names of the unnamed defendants, summonses shall be issued as to those defendants, and the USMS shall serve those defendants.

IT IS FURTHER ORDERED that the Clerk of Court must mail a copy of this Order to the plaintiff at his last known address.

**SO ORDERED.**                        ____/s/ (JMA)_____
                                                                           Joan M. Azrack
Dated:   May 4, 2017                        United States District Judge
         Central Islip, New York