UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
WALTER SONGHAY RAY,

                Plaintiffs,

  -against-

JANE DOE et al

                Defendants.
--------------------------------------------------------X

For Online Publication Only

**FILED
CLERK**

3/6/2019 2:04 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

<u>ORDER</u>
16-CV-5509 (JMA)(GRB)

**AZRACK, District Judge:**

This action was commenced by the pro se plaintiff on September 29, 2016, by the filing of a summons and complaint. In an Order issued on August 14, 2017, Magistrate Judge Brown set a discovery scheduling order. This Order was mailed to the pro se plaintiff at his address listed on the docket sheet. On August 21, 2017, the mail was returned to the Court marked "Forward Time Exp Rtn to Send." On October 30, 2017, the pro se plaintiff filed a Notice of Change of Address and a Motion for extension of time to complete discovery. On April 5, 2018 Judge Brown issued a Status Report Order directing the County Defendant to provide an update concerning the progress of this matter by April 13, 2018. The Order also directed the County Defendant to serve a copy of the Order on pro se plaintiff and file notice of service forthwith. On April 5, 2018, attorney for the County Defendant filed a letter stating that the "defendant does not know the whereabouts of plaintiff." The letter indicated that plaintiff was mailed a deposition notice on or about December 27, 2017 and it was returned. It appeared that plaintiff could not be reached at the updated address. A Second Status Report Order was issued by Judge Brown on May 25, 2018, reminding Plaintiff that he is obligated to keep the Court informed of any change of address. Plaintiff was warned that failure to do so may result in the case being dismissed for failure to prosecute. The Order

1

directed plaintiff to provide the Court with an updated address, as well as an update as to any attempts he has made to contact the attorney for the County Defendant, by June 13, 2018. Plaintiff was warned that failure to respond to the Order may result in a recommendation to the District Judge that this case be dismissed for failure to prosecute. A copy of the Order was mailed to plaintiff at his address listed on the docket sheet by the County Attorney on May 30, 2018. To date, plaintiff has not responded to Judge Brown's Order or otherwise communicated with the Court.

Rule 41(b) provides, in pertinent part, "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case sua sponte for lack of prosecution or noncompliance. Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five factors when reviewing a district court's order of dismissal for failure to prosecute, including: (1) the duration of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the court struck the appropriate balance between alleviating the court calendar with protecting the plaintiff's right to due process; and (5) whether the judge adequately assessed the efficacy of lesser sanctions. Shannon v. G.E. Co., 186 F.2d 186, 193 (2d Cir. 1999). Generally, no single factor is dispositive. Id.

Over a year has elapsed and there has been no communication from plaintiff in this case. Plaintiff has not kept his address current and failed to file a response to Judge Brown's Order. The Court warned plaintiff that failure to keep his address current and failure to respond to the Court's Order could result in the dismissal of the case. Plaintiff's failure to comply with the Court's Order and failure to prosecute this action constitutes grounds for dismissal. Accordingly, plaintiff's

claims are dismissed for failure to prosecute and noncompliance. The Clerk of Court is directed to close this case and to mail a copy of this Order to plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Date:   March 6, 2019                               /s/ JMA
        Central Islip, New York         JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE